Samuels, J.
The record sets forth this case. John B. Creel was the owner of a tract of land on the northwest side of the Little Kanawha river in Wood county. On this land were a grist mill, saw mill and carding machine, which were propelled by the water of that stream, collected by means of a dam built in *202 and across it, and abutting against tbe opposite bank, where an acre of land had been condemned for an abutment, according to the provisions of the statute, 2 Rev. Code, ch. 235. Creel, so being the owner, sold and conveyed to T. Boulware and Bushrod W. Creel a portion of the land, described as containing about five acres, with all and singular the appurtenances thereto belonging, including the saw mill, grist mill and carding machine, and all other buildings of whatsoever nature, on or attached to the premises, “ reserving to himself the right to build or erect a saw mill on the opposite side of the said river, or at the further end of the dam of the aforesaid saw and grist mill.” J. B. Creel died, leaving the lessors of the plaintiff his heirs at law, to whom his real estate descended. Boulware and B. W. Creel sold and conveyed to Peyton Butcher, the plaintiff in error, their interest in the property, excepting out of their conveyance the rights reserved by John B. Creel in his conveyance to them. An action of ejectment was brought by Creel’s heirs against Butcher, for the purpose of recovering the acre of land against which the dam abutted.
Thus the question is presented, whether any interest remained in John B. Creel which descended to his heirs at law, and which might be recovered by them in an action of ejectment.
The deed from John B. Creel to Boulware and Creel is in terms sufficiently comprehensive to pass to them the fee simple title to the acre of land. Whitney v. Olney, 3 Mason’s R. 28; Moore v. Fletcher, 4 Shepl. R. 63.
Unless the defendants in error can maintain that a valid exception was made by John B. Creel, they cannot recover. Considering that the condemnation of land for an abutment is authorized because of the necessity that the public shall have the use of mills; that the individual advantage of the mill owner in no *203 wise enters into the reason for allowing such condemnation ; that although the mill owner is vested with the fee simple title in the land condemned, yet he holds it hy a tenure requiring him to keep his mill in a serviceable condition; it may well be doubted whether the mill owner could sell off the land condemned for an abutment, or, selling the mill, could except the land condemned. It is not necessary, however, to decide that question in this case. If John B. Creel had the power to separate the title to the mill from that to the abutment, by selling one and excepting the other, yet in this case nb such excepticn was made. There is not such certainty in the description of the part intended to be excepted as to withdraw it from the operation of the deed: it is in nowise identified or distinguished from other portions of the acre. If it might be identified by entry and taking possession of so much of the land as might be necessary for the saw mill about to be erected, yet, as no such entry has been made or possession taken, a recovery cannot be had by the plaintiff. Authorities sustaining the positions here laid down will be found in Shep. Touch. 77 to 80; Hays' lessee v. Storrs, Wright’s Ohio R. 711; Adams on Eject. 16 ; Case v. Haight, 3 Wend. R. 632; Thompson v. Gregory, 4 Johns. R. 80; Dygert v. Matthews, 11 Wend. R. 35 ; 4 Com. Dig. title Fait, E. 5, 6, 7 ; Jackson ex dem. Saxton v. May, 16 John. R. 184.
I am of opinion to reverse the judgment of the Circuit court with costs, and to render a judgment for the plaintiff in error, with the costs expended in the Circuit court.
Allen, Daniel and Lee, Js. concurred in the opinion of Samuels, J.
Moncure, J. dissented.
Judgment reversed.